UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GABRIELLE GUILLORY     CIVIL ACTION

VERSUS

UNITED SPECIALITY INSURANCE     NO.: 17-01107-BAJ-RLB
COMPANY ET AL.

## RULING AND ORDER

Before the Court is the **Motion for Partial Summary Judgment on the Issue of Liability (Doc. 14)** by Plaintiff Gabrielle Guillory. Defendants United Specialty Insurance Company, NorthStar Carriers & Logistics Company, LLC, and Leroy Lopez filed a response. (Doc. 15) For the reasons stated herein, the **Motion for Partial Summary Judgment on the Issue of Liability (Doc. 14)** is **DENIED**.

### I. BACKGROUND

This action arises out of an automobile accident that occurred on September 9, 2016 on Interstate 10 ("I-10") in Baton Rouge, LA. Plaintiff alleges that she was a passenger in a 2015 Nissan Pathfinder operated by her mother Carolyn Guillory ("Guillory") that was traveling in the eastbound center lane. (Doc. 14-1 at p. 2) Plaintiff further alleges that Defendant Leroy Lopez ("Lopez") was driving a 2011 Volvo 670 tractor and trailer behind her mother's vehicle. (*Id.*) As Guillory's vehicle slowed and came to a stop due to traffic, Lopez attempted to merge from the center lane to the left lane and collided with Guillory's rear driver side bumper. (*Id.*) Plaintiff further alleges that at the time of the incident Lopez was employed by and acting

within the scope of his employment for Defendant NorthStar Carriers & Logistics Company, LLC ("NorthStar"). (*Id.*) Plaintiff further alleges that Defendant United Specialty Insurance Company ("United Specialty") provided liability insurance coverage Lopez's vehicle. (*Id.* at 3)

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations,

2

unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

Plaintiff seeks summary judgment on the issue of Defendants' liability for the accident. (Doc. 14-1 at p. 1) Louisiana law establishes a presumption that "a following motorist who strikes a preceding motorist from the rear" is liable for the accident. *Byrd v. Norman*, No. 17-471-JWD-EWD, 2017 WL 5986470, at * 6 (M.D. La. Nov. 14, 2017) (citing *Harbin v. Ward*, 2013 CA 1620, 147 So.3d 213, 218 (La. App. 1 Cir. May 29, 2014)). A motorist may rebut this presumption by establishing (1) that he kept his vehicle under control, (2) that he closely observed the forward vehicle, and (3) that he followed at a safe distance under the circumstances. *Dorsey v. Hertz Corporation*, No. 16-3680, 2016 WL 6575190, at *4 (E.D. La. Nov. 7, 2016). A motorist may also avoid liability by showing that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid. *Id.* It appears to be undisputed that Lopez's vehicle collided with the rear of

3

Guillory's vehicle. (Doc. 14-7 at p. 6, Doc. 14-2 at p. 2) The Court must therefore presume Lopez was responsible for the accident.

Nevertheless, the Court concludes that there remains a dispute of material fact as to whether Lopez may avoid liability. First, it remains in dispute whether Lopez kept his vehicle under control, whether he closely observed Guillory's vehicle, and whether he followed at a safe distance under the circumstances. Lopez testified that while driving in the center lane, he turned to glance into his side rearview mirror and his blind spot in order to shift into the left lane. (Doc. 15-1 at p. 3) When Lopez turned his gaze back, he saw Guillory's vehicle. (*Id.*) As such, a reasonable jury could find that Lopez was paying due attention to the road and operating his vehicle safely. Moreover, it remains in dispute whether Guillory negligently created a hazard which caused the accident. Lopez testified in his deposition that he did not recall Plaintiff's vehicle in front of him before he started moving into the left lane. (Doc. 15-1 at p. 4) This is in direct contrast to Plaintiff's testimony that Guillory was traveling in the center lane and stopped for traffic, after which Lopez collided with her vehicle. (Doc. 14-4 at p. 2) If Guillory suddenly and without warning moved into the center lane, a reasonable juror could find that Guillory negligently created a hazard. Given Lopez's account of the accident, a reasonable jury could arrive at a verdict in Defendant's favor. Accordingly, Plaintiff is not entitled to summary judgment on the issue of liability.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Partial Summary Judgment on the Issue of Liability (Doc. 14)** is **DENIED**.

Baton Rouge, Louisiana, this 5th day of February, 2019.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**